UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ADAM DeMARCO, on behalf of himself
and all others similarly situated,

           Plaintiff

           v.

NATIONAL COLLECTOR'S MINT, INC.,
A Corporation doing business in New York and
throughout the United States, AVRAM C.
FREEDBERG, individually, and SIDNEY
NACHMAN, individually.

           Defendants

**JUDGE McMAHON**

04 CV 09206

CIVIL ACTION NO.

**CLASS ACTION**

**COMPLAINT AND JURY DEMAND**

## INTRODUCTION

1.  This is a class action brought on behalf of purchasers misled by defendants' pattern of unconscionable business practices, including knowing omissions and affirmative misstatements of material fact, in connection with the advertising, marketing and sale of the imitation numismatic commemorative September 11 "Freedom Tower Silver Dollar" coin ("Freedom Coin"). The plaintiff class seeks to enjoin defendants' from doing business throughout the United States and seeks restitution and damages for individuals victimized by these unlawful practices pursuant to the Hobby Protection Act 15 U.S.C § 2101 et seq.

## JURISDICTION AND VENUE

2.  The plaintiff class invokes this court's original jurisdiction under 15 U.S.C. § 2101 & 2102, which authorizes a private right of action for injunctive relief, restitution, attorneys fees, costs and damages against any person or entity which has engaged in the manufacturer, importation or

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

distribution in commerce of any imitation numismatic item not appropriately marked as further described herein.

3.  This matter is properly venued in the District of Southern New York in that the defendant National Collector's Mint, Inc. resides and has it primary place of business, inter alia, in the Southern District of New York.

## PARTIES

4. Plaintiff Adam DeMarco is an individual residing in Burlington County, New Jersey, who, like every other class member, was an intended target of defendants' pre-sale advertising as described herein, who purchased one of defendants' Freedom Coins.

5.  Defendant National Collector's Mint, Inc. ("NCM") is a Delaware corporation with its principal place of business located 8 Slater Street, Port Chester, New York 10573.

6. Defendant Sidney Nachman ("Nachman") is an individual and the President of NCM, whose primary business address is the same as corporate defendant NCM and is responsible for formulating, directing, and controlling the acts and practices of corporate defendant NCM, including those subsequently set forth.

7. Defendant Avram C. Freedberg ("Freedberg") is an individual and the Director of NCM, whose primary business address is the same as corporate defendant NCM and is responsible for formulating, directing, and controlling the acts and practices of corporate defendant NCM, including those subsequently set forth.

8. At all times relevant to this complaint, defendants NCM, Nachman and Freedberg,  acting in concert, marketed and sold the Freedom Coin in, inter alia, the State of New York and throughout the United States.

2

## THE FREEDOM COIN

9.  Beginning in or about September 1, 2004, defendants engaged in a shameless attempt to profit from a national tragedy through an advertising campaign to advertise and sell the Freedom Coin in, inter alia, the State of New York and throughout the United States.

10.  During that time, defendants directly engaged in the marketing, sale, and distribution of the Freedom Coin, an imitation numismatic item, to consumers.

11. The Freedom Coin is a coin, which purportedly is a legally authorized government issued silver dollar made of pure silver which was recovered from ground zero and issued to commemorate the September 11, 2001 tragedy.

12. The coin is engraved on one side with "ONE DOLLAR" & "WE WILL NEVER FORGET"  and depicts the former standing World Trade Center Twin Towers.

13.  The coin is also engraved on the reverse side with "IN GOD WE TRUST"  and depicts the Freedom Tower to be constructed at ground zero.

14. According to defendants' claims, the Freedom Coin is a legally authorized government issued pure silver dollar created using .999 pure silver recovered from ground zero.

15. The Freedom Coin is offered for sale by defendants for $23.45 per coin, including shipping and handling.

16. Along with the coin itself, purchasers receive a display case.

17. In the course and conduct of defendants business as previously mentioned herein, defendants now cause and have caused in the past  the Freedom Coin, to be distributed in the United States and shipped from their place of business in the State of New York to thousands of consumers located in numerous  states throughout the United States.

3

18. Defendants therefore currently maintain, and at all times mentioned in this complaint, have maintained, a substantial course of trade with the Freedom Coin in or affecting commerce, as "commerce" is defined at 15 U.S.C. § 2106.

19. The Freedom Coin is an imitation numismatic item as defined at 15 U.S.C. § 2106 and 16 C.F.R. §304.1

20. Such Freedom Coins all omitted and were not marked "COPY" as required by 15 U.S.C. § 2101(b).

21. Defendants' previously mentioned acts and practices herein were and are in violation of 15 U.S.C. §2101(b), and constituted, and now constitute, unfair and deceptive acts and practices in or affecting commerce under the Federal Trade Commission Act.


## CLASS ALLEGATIONS

22. Plaintiff brings this action as a class action pursuant to Fed..R.Civ.P. 23, on behalf of a class defined as:

> All residents of the United States who purchased a Freedom Tower
> Silver Dollar (Freedom Coin) from defendants between September 1,
> 2004 and the present.

23. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

24. Plaintiff is unable to state the exact number of class members without discovery of defendants' books and records.

25. Upon information and belief, it is alleged that since September 1, 2004, more than 1,000 persons throughout the United States purchased a Freedom Coin from defendants.

4

26. Upon information and belief, it is alleged that since September 1, 2004, at least 1,000 New Jersey residents purchased a Freedom coin from defendants.

27. Class members are disbursed throughout the United States.

28. There are common questions of law and fact affecting the rights of all members of the Class, including the following:

    a.  whether defendants sold or distributed in commerce in the United States the Freedom Coin;

    b.  whether the Freedom Coin is an imitation numismatic item pursuant to 15 U.S.C. § 2106 and 16 CFR §(d);

    c.  whether the Freedom Coins were plainly and permanently marked "COPY" as required by 15 U.S.C. 15 U.S.C. §2101(b);

    d.  whether defendants' conduct violated 15 U.S.C. §2101(b);

    e.  whether defendants' failure to mark "COPY" on the Freedom Coin was unlawful and was an unfair and deceptive act;

    f.  whether defendants knowingly omitted the "COPY" mark from the Freedom Coin;

    g.  whether defendants should be enjoined from selling and distributing the Freedom Coin throughout the United States pursuant to 15 U.S.C. §2102.


29. Each of these enumerated common questions of law and fact is identical for each and every member of the class.

30. Plaintiff is a member of the class which he seeks to represent and his claims arise from the same factual and legal basis as those of the class; he asserts the same legal theories as all class members.

31. As with every other class member, plaintiff was an intended target of defendants'

5

deceptive and unfair marketing regarding the Freedom Coin when he purchased a Freedom Coin.

32. Plaintiff will thoroughly and adequately protect the interest of the class, having obtained qualified and competent legal counsel to represent himself and those similarly situated.

33. The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications and would cause needless expenditure of judicial resources.

34. Plaintiff is typical of the class in that his claims, like those of the class, are based on the same unconscionable business practices, the same uniform misstatements and omissions of material fact, and the same legal theories.

35. Defendants have acted on grounds generally applicable to the class by, inter alia, selling and distributing inappropriately mark imitation numismatic coins without the text "COPY."

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Count I

### HOBBY PROTECTION ACT

### 15 U.S.C. §2101(b) and 2102

37. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

38. As described herein, defendants have failed to comply with their obligations under 15 U.S.C. §2101 et seq.

39. The class has suffered, and continues to suffer, damage as a result of these failures by defendants.

40. Upon information and belief, defendants have had actual knowledge of the violations

6

alleged herein for a substantial period of time, based on their knowledge of their own conduct.

41. Despite this, defendants have failed to remedy those violations and have persisted in the challenged conduct.

42. Defendants' previously mentioned acts and practices herein were and are in violation of 15 U.S.C. §2101(b), and constituted, and now constitute, unfair and deceptive acts and practices in or affecting commerce under the Federal Trade Commission Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff asks this court to:

a. Certify the Class as a class action pursuant to Fed.R.Civ.P. 23;

b. Enter judgment in favor of each class member for restitution.

c. Enter judgment in favor of each class member for monetary damages suffered as a result of the conduct alleged herein, to include interest;

d. Order injunctive relief pursuant to 15 U.S.C. §2102 restraining defendants continued violations of 15 U.S.C. §2101(b).

e. Award plaintiff and the Class punitive damages, reasonable attorneys fees and costs;

f. Grant such other and further legal and equitable relief as the court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  New York, New York
        November 17, 2004

SHABEL & DeNITTIS, P.C.
Attorneys for plaintiff

SLATT & LANE
Attorneys for plaintiff

By: _____
        Shephard Lane (SL-1962)

600 Third Avenue – 31st Floor
New York, New York 10016
(212) 593-0600

8

## CERTIFICATION

I hereby certify, that two other actions are pending against some or all of the defendants in this case with some similar issues. Those two actions are: <u>Adam DeMarco v. National Collector's Mint, Inc., Avram C. Freedberg, and Sidney Nachman</u>, Superior Court of New Jersey, Docket No. BUR-L-2901-04 and <u>People of the State of New York v. National Collector's Mint, Inc.</u>, Supreme Court of the State of New York. Aside from the two cases mentioned, to the best of my knowledge, information and belief the matter in controversy is not the subject of any other action pending in any Court, nor of any pending Arbitration proceeding, that no other action or Arbitration is contemplated, and further that there are no other parties who should be joined in this action at this time.

Dated: New York, New York
      November 17, 2004

                    SHABEL & DeNITTIS, P.C.
                    Attorneys for plaintiff

                    SLATT & LANE
                    Attorneys for plaintiff

By: _____
                    Shephard Lane (SL-1962)

                    600 Third Avenue – 31st Floor
                    New York, New York 10016
                    (212) 593-0600