UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM DeMARCO, on behalf of himself and all others similarly situated,

          Plaintiff,

-against-

NATIONAL COLLECTOR'S MINT, INC., et al.,

          Defendants.

04 Civ. 09206 (CM)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

## SECOND AMENDED PRELIMINARY ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on September 19, 2005, the parties in the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement (the "Settlement") of the claims alleged in the Complaint on the merits and with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. By order dated June 30, 2005, the Court found that the prerequisites for a class action under Fed R Civ P 23(a) and (b)(2) and (3) had been satisfied in that: (i) the number of potential Class Members in the Action are so numerous that joinder of all

SEP 29 2005 18:11 FR MORVILLO 212 856 9631 TO 19143994152***50 P.05
Case 7:04-cv-09206-CM   Document 30   Filed 09/30/05   Page 2 of 7

2

members is impracticable; (ii) there are questions of law and fact common to the class; (iii) the claims of plaintiff Adam DeMarco ("Plaintiff") are typical of the claims of the class he seeks to represent, (iv) the Plaintiff will fairly and adequately represent the interests of the class, (v) the questions of law and fact common to the members of the class predominate over any questions affecting only individual class members; (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (vii) defendants have allegedly acted or failed to act on grounds generally applicable to the Class. The Court further certified a class, pursuant to Fed.R.Civ.P. 23(b)(2), comprising "[a]ll residents of the United States who purchased a Freedom Tower Silver Dollar from defendants between September 1, 2004 and the present." The Court also certified Plaintiff as the Class Representative and Plaintiff's counsel, Norman Shabel, Esq. and Stephen P. DeNittis, Esq., Shabel & DeNittis, P.C., 5 Greentree Centre, Suite 302, Route 73, South & Lincoln Drive, NJ 08053, and Shephard Lane, Esq., Slatt & Lane, 600 Third Avenue, New York, NY 10016, as Class Counsel.

2.  Pursuant to Fed.R.Civ.P. 23(b)(2) and for purposes of settlement only, the Court hereby clarifies and modifies its June 30, 2005 Order to define the certified class (the "Class") as: "all Persons in the United States who purchased the Freedom Tower Silver Dollar ("FTSD") from National Collector's Mint, Inc. ("NCM") during the time period running from September 1, 2004 through May 31, 2005, and who have not received a refund from NCM for their purchase(s) of the FTSD." Excluded from the Class are (i) defendants Avram C. Freedberg ("Freedberg") and Sidney Nachman ("Nachman"), members of their immediate families (i.e., spouses and children), and their legal representatives, heirs, successors or assigns; (ii) defendant NCM and its past or

SEP 29 2005 18:11 FR MORVILLO  212 856 9631 TO 19143904152***50 P.06
Case 7:04-cv-09206-CM   Document 30   Filed 09/30/05   Page 3 of 7

3

present subsidiaries, parents, affiliates, successors, and predecessors; and (iii) all Persons who timely and validly request exclusion from the Class in accordance with the procedures provided herein.

3. Pursuant to Fed.R.Civ.P. 23(c), a hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on December 16, 2005, at 9:00 a.m., or on such adjourned date as the Court may hereinafter order, for the following purposes:

a. to determine finally whether this Action satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(a) and (b);

b. to determine whether the proposed Settlement is fair, just, reasonable, adequate, and in the best interests of the Class and should be approved by the Court;

c. to determine whether the Order and Final Judgment as provided under the Stipulation should be entered dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class to the Released Parties as provided under the Stipulation should be granted to the Released Parties;

d. to determine whether the Refund Program provided under the Stipulation should be finally approved as fair, reasonable, adequate, and in the best interest of the Class;

e. to consider at the Settlement Fairness Hearing and/or to schedule a separate hearing on Class Counsel's application for an award of attorneys' fees and expenses; and

f. to rule on such other matters as the Court may deem appropriate.

SEP 29 2005 18:11 FR MORVILLO 212 856 9631 TO 19143904152 ***50 P.07
Case 7:04-cv-09206-CM   Document 30   Filed 09/30/05   Page 4 of 7

4

4.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has heard or ruled upon Class Counsel's application for an award of attorneys' fees and expenses.

5.      The Court approves the form, substance, and requirements of the notice to be sent to the Class (the "Class Notice") annexed hereto as Exhibit 1.

6.      Defendant NCM shall cause the Class Notice to be mailed, by standard mail, postage prepaid, within fifteen (15) days of entry of this Order, to all Class Members who can be identified on the basis of customer information currently in the possession of NCM. At or before the Settlement Fairness Hearing, NCM's Counsel shall file with the Court proof of mailing of the Class Notice.

7.      The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Fed.R.Civ.P. 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Person requests exclusion from the Class in a timely and proper manner, as provided herein. Any Class Member who wishes to be excluded from the Class shall mail the request in written form, by standard mail, postage prepaid, and postmarked no later than November 25, 2005, to Stephen P. DeNittis, Esq., Shabel & DeNittis, P.C., 5 Greentree Centre, Suite 302, Route 73, South & Lincoln Drive, Marlton, NJ 08053. Such request for exclusion must clearly indicate (i)

the name, address, and telephone number of the Class Member seeking exclusion, (ii) the date and amount of each purchase of the FTSD, and (iii) that the sender requests to be excluded from the Class and must be signed by the Class Member or his, her or its legal representative. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9. The Court will consider the objections of Class Members to the Settlement and/or Class Counsel's application for an award of attorneys' fees and expenses only if such objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, 300 Quarropas Street, White Plains, NY 10601, and copies of all such papers are served on or before November 18, 2005, upon each of the following: (i) Stephen P. DeNittis, Esq., Shabel & DeNittis, P.C., 5 Greentree Centre, Suite 302, Route 73, South & Lincoln Drive, Marlton, NJ 08053, as Class Counsel; (ii) Jonathan S. Sack, Esq., Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., 565 Fifth Avenue, New York, NY 10017, as counsel for Defendants NCM and Freedberg; and (iii) Joel S. Weiss, Esq., Esanu Katsky Korins & Siger, LLP, 605 Third Avenue, New York, NY 10158, as counsel for Defendant Nachman. Attendance at the Settlement Fairness Hearing is not required; however, Class Members wishing to be heard orally in opposition to the approval of the Settlement and/or Class Counsel's request for attorneys' fees and expenses are required to submit a written objection in accordance with the procedures and deadlines set forth herein and to indicate in their written objection their intention to appear at the hearing. Class Members who intend to object to the Settlement and/or request for attorneys' fees and expenses and intend to present evidence at the

SEP 29 2005 18:11 FR MORWHHO 213 856 9631 TO 19143984152***50 P.09
Case 7:04-cv-09206-CM   Document 30   Filed 09/30/05   Page 6 of 7

6

Settlement Fairness Hearing must include in their written objections the identity of any witnesses who may be called to testify and the exhibits which will be offered into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

10. Pending final determination of whether the Settlement should be approved, the Plaintiff, all Class Members, and each of them, and their agents, representatives, attorneys, and anyone who purports to act on their behalf, are hereby enjoined and restrained from instituting, commencing or prosecuting directly, individually, derivatively, representatively, or in any other capacity, any lawsuit, action or arbitration, in any jurisdiction, against any Released Party, based on or relating to the facts and circumstances underlying the Settled Claims or relating to or complaining about the Settlement.

11. If: (a) the Settlement is terminated by the Defendants pursuant to paragraph 9 of the Stipulation; (b) the Court rejects, in any material respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit B and/or Class Counsel and Defendants' Counsel fail to consent to the entry of another form of order in lieu thereof; (c) the Court rejects the Stipulation, including any amendment thereto approved by Class Counsel and Defendants' Counsel; or (d) the Court approves the Stipulation, including any amendment thereto approved by Class Counsel and Defendants' Counsel, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in such event, the Stipulation, including any amendment thereof, and this Preliminary Order certifying the Class for purposes of Settlement shall be null and void, of no further force or effect, and without

SEP 29 2005 18:11 FROM MORVILLO 212 856 9631 TO 19143904152 **50 P.10
Case 7:04-cv-09206-CM   Document 30   Filed 09/30/05   Page 7 of 7

7

prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his or its respective position as it existed prior to the execution of the Stipulation.

12  The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

Dated: White Plains, New York
30 Sept, 2005

/s/ Colleen McMahon
The Honorable Colleen McMahon
United States District Judge